STATE OF MISSOURI, Respondent, v. JAS. O. STEELE and R. MCNEAL, Appellants.

74  5
91  169

St. Louis Court of Appeals, March 1, 1898.

Information: PLEADING: PRACTICE. The offense attempted to be charged in the above information is not one of those specifically named in the statute, hence it was essential to describe it in the language of the statute creating and defining it. As the information herein wholly fails to charge that the meeting alleged to have been disturbed was held for a lawful purpose, it omitted an essential part of the offense according to the statute creating it, and should have been quashed on defendant's motion.

State v. Steele and McNeal.

*Appeal from the Stone Circuit Court*—HON. J. C. LAMSON, Judge.

REVERSED AND DEFENDANTS DISCHARGED.

T. L. VILES and A. HODGES for respondent.

The statement as to the information and motion to quash an action of the trial court, as set out in appellants' brief, is substantially correct. The court did not err in overruling defendant's motion to quash the information in this case. The information is substantially good under section 3785, Revised Statutes 1889. It fairly and fully informs the defendants of the charge which they are called upon to meet. State v. Buck, 43 Mo. App. 443; State v. Haley, 52 Mo. App. 520. The information in this case contains every allegation necessary to be proven to support a conviction; hence it is sufficient. R. S. 1889, sec. 4115; State v. Barker, 64 Mo. 282; State v. Chamberlain, 89 Mo. 229. The authorities cited by appellants on this point have no application to this case. The right of the people to peaceably assemble for their common good, and the freedom of speech is guaranteed by the constitution of the state of Missouri. Const., art. 2, secs. 14–29.

CRAVENS & CRAVENS and CARTMEL & THORNSBERRY for appellants.

The motion to quash and in arrest should have been sustained, as the information does not charge that the assembly of people met for public speaking and to organize a McKinley club, was "for any lawful purpose," and this court will not take judicial notice that such an assembly is for any lawful purpose what-

ever.   If the assembly is a camp meeting, or met for a religious worship, or a school, then it is sufficient to say so, as the law makes such meetings "for a lawful purpose," but not so if the assembly is for a public speaking and to organize McKinley clubs.   The information should follow the statute which creates the offense.   R. S. 1889, sec. 3785;   State v. Gallego, 57 Mo. App. 515;   State v. Bell, 63 Mo. App. 455;   State v. Kendrick, 21 Mo. App. 507, and cases cited; State v. Schieneman, 64 Mo. 386;   State v. Hughes, 82 Mo. 86.   The statute in question individuates three offenses, "camp meeting," or assembly met for religious worship, or a school, all other assemblages against which it is leveled must be lawful and it is not enough to say it was for public speaking and to organize a McKinley club.   State v. Fare, 39 Mo. App. 110-569;   State v. Fogerson, 29 Mo. 416.   The court erred in admitting testimony as to what occurred at the fire some thirty-five or forty yards from the school house and before there was any assembly in the house and before the meeting was called to order or was organized.

Bond, J.—The defendants were convicted under the following information:

"Comes now Albert Hodges, prosecuting attorney within and for the county of Stone and state of Missouri, and under his official oath, informs the court that on Sept. 19th, 1896, at the county of Stone and state of Missouri, James O. Steele and Rufus McNeal did unlawfully, willfully, maliciously and contemptuously disturb and disquiet an assembly of people then and there met for public speaking and to organize a McKinley club at the Chapel school house, said Chapel school house being then and there used for a place of public speaking and for organizing a McKinley club,

by then and there making a loud noise and by rude and indecent behavior, and by then and there cursing and swearing and by loud, offensive and indecent conversation, and by then and there threatening, quarreling and challenging to fight within their place of public speaking and McKinley club exercises and so near to the same as to disturb the order of the speaking and the club exercises, and that this information is based upon an affidavit made by Thos. H. Smith, which is hereto attached and made a part of this charge, etc.''

After unsuccessful motions in arrest and for new trial, defendants appealed to this court. Their chief complaint in the court below, and renewed in this court, is that the information does not charge any offense under the laws of this state. It was evidently framed under Revised Statutes of 1889, section 3785. That statute makes it an offense to disturb a religious or school meeting, and also makes it an offense to disturb any other meeting or assembly of the people "*met together for any lawful purpose whatever.*"

It is apparent from the use of the words quoted and italicized that in order to meet the requirements of the statute in reference to the disturbance of meetings other than those particularly named therein, it is necessary to charge and prove that they were held for a lawful purpose. The offense attempted to be charged in the above information is not one of those specifically named in the statute, hence it was essential to describe it in the language of the statute creating and defining it. For being of purely statutory origin it has no existence otherwise than by the terms of the act creating it. As has been seen the act makes the lawful purpose of the meeting an essential element of the offense of its disturbance, and as the information herein wholly fails to

INFORMATION: charge.

State v. Steele and McNeal.

charge that the meeting alleged to have been disturbed was held for a lawful purpose, it omitted an essential part of the offense according to the statute creating it, and should have been quashed on defendants' motion by the learned trial judge. The defect in question being fatal to the validity of the information is available on appeal. The conviction had under the information in this case can not be sustained, and therefore we reverse the judgment of the lower court and order the discharge of the defendants. Judge BLAND concurs. Judge BIGGS expresses his views separately.

### DISSENTING OPINION.

BIGGS, J.—I think that the information is sufficient. Whether the meeting was a lawful one was a question of law upon the facts stated. It is never necessary to plead a legal conclusion. The information need only state that the people had assembled at a certain place and for what purpose they assembled. This is all that is required. Upon these facts, when averred and proved, the defendants could take the judgment of the court whether the meeting was "a lawful one." The words of the statute "met together for a lawful purpose," are not descriptive of the offense within the meaning of the decisions relied on by the defendants. But I am of the opinion that the judgment ought to be reversed and the cause remanded, for the reason that the court, against the objections of the defendants, admitted proof of their DECLARATIONS of defendants admitted: error. declarations and conduct before the meeting was organized, and at a place some distance from the house where the meeting was afterward held.